IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER CAMPBELL** § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | CIVIL ACTION NO. | **4:18-cv-2631** |
| § | | |
| **CITY OF HOUSTON and It's** § | | |
| **PARKS AND RECREATION** § | | |
| **DEPARTMENT** § | | |
| *Defendant* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff **CHRISTOPHER CAMPBELL**, and file this Plaintiff's Original Complaint and Jury Demand, complaining of **CITY OF HOUSTON and It's PARKS AND RECREATION DEPARTMENT.** hereinafter referred to as "Defendant" or "The City of Houston," and would respectfully show unto the Court as follows:

## I.
## PARTIES

1. Plaintiff, **CHRISTOPHER CAMPBELL**, is a natural person who resides in the State of New Mexico.

2. Defendant **CITY OF HOUSTON,** is a municipality doing business in Harris County, Texas, which is in the Southern District of Texas, Houston Division. Plaintiff requests service of process by serving both Anna Russell at the City of Secretary's Office, City of Houston, at P.O. Box 1562, Houston, Texas 772251-1562, and Ronald C. Lewis at the City Attorney's Office, Attn: Claims Section, P.O. Box 368, Houston, Texas 77001-0368.

Defendant may be served by certified mail, return receipt requested.

## II.
## VENUE

3. Plaintiff's claims arise under federal statute and state law.   This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law, Title VII of the Civil Rights Act of 1964, as amended, codified under Title 42 U.S.C. Section 2000e *et. seq.,* and pursuant to supplemental jurisdiction under Chapter 21 of the Texas Labor Code.

4. This Court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal statutes cited above.   Plaintiff brings claims under federal and state law.

5. Venue is proper in the Southern District of Texas, Houston Division, because the events or omissions forming the basis of the suit occurred in this District. Venue is proper in this Court in that the Defendant conducts business in the division.

6. As of the time of filing, damages are within the jurisdictional limits of the court.

7. All claims are brought under federal statute and state law.

## III.
## JURY DEMAND

8. Plaintiff hereby tenders payment for and demand for trial by jury.

## IV.
## MISNOMER / MISIDENTIFICATION

9. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate

veils" should be pierced to hold such parties properly included in the interest of justice.

## V.
## BACKGROUND FACTS

10. It is against federal law and Defendant's policy to treat employees less favorably because of their race. Employers should investigate claims of discrimination and protect employees from retaliation. It is further against federal law and Defendant's policy to target and terminate an employee for making a protected complaint of race discrimination. The City of Houston, terminated Mr. Christopher Campbell within a week of acknowledging receipt of his complaint that he was being discriminated against because of his race.

11. The City of Houston employed Mr. Campbell as an Urban Park Ranger. He was hired on or around October 10, 2016.

12. On or around December 26, 2016, Mr. Campbell filed a complaint via email Defendant's HR – Employment Relations Department about preferential treatment. Mr. Campbell forwarded the complaint via email to Director of Human Resources Jane E. Cheeks. The complaint was forwarded by Jane E. Cheeks to Defendant's Employee Relations Department and the Client Relations Manager.

13. Defendant frequently assigned Mr. Campbell vehicles that were dangerous, high mileage, and beyond their years for the purpose of safety. These are vehicles that were past the general "retirement" limits. Mr. Campbell regularly drove these vehicles and encountered numerous problems including break downs requiring Mr. Campbell to be towed during late night shifts. On occasion, Mr. Campbell would use his partner's vehicle, a similarly

dilapidated unit, but with better mileage and a safer engine. It was marginally better, but provided some reassurance. When management was made aware of this harmless action, Mr. Campbell was immediately reprimanded.

14. Mr. Campbell experienced retaliation as his schedule was frequently changed to the least favorable shifts and he was never placed on rotation to other parks or patrol areas. Mr. Campbell was even informed that one of his supervisors, Stevenson (African American) made a comment to another supervisor, Lewis, that "we don't want Campbell on patrol."

15. In January 2018, Mr. Campbell submitted a request for a shift change to a more favorable shift. He followed up and was informed it was still under review. Similarly situated African American employees who were provided more favorable shifts and work locations such as Brandon Cloud and Kimberly Jones were provided with newer, safer vehicles with low mileage.

16. On or around April 11, 2017, the City of Houston and the Office of the Inspector General of the City of Houston acknowledged receiving Mr. Campbell's complaint of race discrimination.

17. On or around April 18, 2017, Mr. Campbell was wrongfully terminated.

18. Defendant initially informed Mr. Campbell he was terminated for missing a shift. In his termination letter it states instead that he was terminated due to a failure to attend a mandatory meeting on March 20, 2017. Mr. Campbell did not miss any work shifts, instead missing a meeting. However, immediately after realizing he had missed the meeting, Campbell contacted Respondent to report his absence and apologize. When Mr. Campbell spoke to Division Manager Richard Blake, the meeting organizer, Blake did not

indicate that Mr. Campbell would face any disciplinary action for his conduct. In fact, several weeks passed by and these issues mentioned above and ultimately in the termination letter were not mentioned to Mr. Campbell. Later the City claimed Mr. Campbell had instead missed multiple days of work.

19. Defendant then informed Mr. Campbell he was terminated for misconduct alleged. Many of Plaintiff's comparators have engaged in the alleged misconduct without reprimand or termination.

20. Defendant then informed Mr. Campbell he was terminated because of an accident in a company vehicle. Other comparators outside of his protected class have been in accidents in company vehicles without being terminated. Brandon Deese, African American, damaged his car at least twice, but was not terminated for the alleged conduct. In fact, African American employees involved in accidents have even been offered to pay for the damages out of pocket to avoid disciplinary action. Mr. Campbell was not offered the same opportunity.

## VI.
## DISCRIMINATION AND WRONGFUL TERMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and THE TEX. LABOR CODE § 21.051, *et seq*.

21. Plaintiff was a qualified employee within the meaning of Title VII and the Texas Labor Code.

22. Defendant is an employer within the meaning of Title VII and the Texas Labor Code.

23. Prior to his termination, Plaintiff faithfully served Defendant in his capacity as employee and faithfully performed all duties expected of him. The acts committed by the agents,

servants and/or employees of the Defendant in discriminating against and wrongfully terminating Plaintiff based on his race and based on the complaints made by him of race discrimination all constitute violations of Title VII of the Civil Rights Act of 1964 and the Tex. Labor Code § 21.051, et seq., including §§ 21.051, 21.101, 21.125, and any other applicable provisions.

24. Plaintiff claims that Defendant's termination of Plaintiff was motivated by the Plaintiff's race.

25. As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

26. Others outside of Plaintiff's protected class were not treated similarly, being treated more favorably than Plaintiff.

## VII.
## DISCRIMINATION BASED ON RACE
## UNDER TEXAS LAW

27. The evidence will demonstrate:

    a. Plaintiff Campbell belongs to a protected class based on race (Caucasian);

    b. Plaintiff Campbell was qualified for his position;

    c. Plaintiff Campbell was subject to adverse employment action(s); and

    d. There is an inference of race discrimination, including that Mr. Campbell was treated less favorably than similarly situated employees outside of his protected class and/or was replaced by someone outside his protected class. Plaintiff's race was a motivating factor in the decision to terminate Plaintiff.

## VIII.
## RETALIATION AND WRONGFUL TERMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and THE TEXAS LABOR CODE § 21.051, et seq.

28. The evidence will demonstrate:

    a. Plaintiff engaged in a protected activity (including, but not limited to, making complaints of, participating in, and opposing discrimination);

    b. Plaintiff was subjected to adverse employment action(s); and

    c. There is a causal connection between the protected activity and Defendant's adverse action.

29. Defendant unlawfully retaliated against Plaintiff because he engaged in "protected activity" under Title VII and the Texas Labor Code, as set out above.

30. Prior to his termination, Plaintiff faithfully served Defendant in his capacity as an employee and faithfully performed all duties expected of him. The acts committed by the agents, servants, and/or employees of Defendant in retaliating against Plaintiff Campbell based on his opposition to racial discrimination by his manager constitutes violations of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code § 21.051, et. seq.

31. Plaintiff opposition to racial discrimination led to Plaintiff's termination within one week of complaining of discrimination based on race.

32. Plaintiff complaints to the Office of the Inspector General of the City of Houston, resulted in retaliation and his wrongful termination.

33. Plaintiff herein contends Defendant generally violated the spirit and intent of the Labor Code in that Defendant retaliated against Plaintiff and wrongfully terminated Plaintiff after

his complaints of racial discrimination and retaliation, opposition to discrimination and participation in the complaint process.

34. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

35. As a result of Defendants' unlawful race discrimination, Mr. Campbell has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

36. Defendant's alleged non-discriminatory, legitimate reason for terminating Plaintiff lacks credence.

## IX.

## RESPONDEAT SUPERIOR

37. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## X.
## DAMAGES

38. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.   All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

   b.   Back pay from the date that Plaintiff was terminated and interest on the back pay in an amount sufficient to compensate Plaintiff as the Court deems equitable;

8

*Christopher Campbell v. The City of Houston*
Plaintiff's Original Complaint

c. Pecuniary losses;

d. All reasonable and necessary costs incurred in pursuit of this suit;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Pre and Post judgment interest as allowed by law and punitive damages;

h. Mental anguish in the past;

i. Mental anguish in the future; and

j. Loss of benefits, promotional opportunities, and job status.

## XI.
## ADMINISTRATIVE FILINGS

39. Plaintiff dually filed his original verified complaint with the EEOC and the TWCCRD. Thereafter, Plaintiff received a "Notice of Suit" from the EEOC, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt.   Plaintiff timely files his lawsuit.

40. Both the 180 day and the 300 day periods of time have passed since the filing of his TWCCRD and EEOC charges.

## XII.
## ATTORNEY FEES

41. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel.  Therefore, Plaintiff seeks all reasonable and necessary attorney fees authorized under Title VII and the Texas Labor Code in this case which would include at least the following:

   a. Preparation and trial of the claim, in an amount the jury deems reasonable;

b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable; and

c. An appeal to the Court of Appeals, in an amount the jury deems reasonable; and

d. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both post and prejudgment interest as allowed by law, attorneys' fees and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:(210) 212-7979
**Facsimile:(210) 212-5880**

**BY:** */s/Thomas N. Cammack, III*

**ADAM PONCIO**
STATE BAR NO. 16109800
**THOMAS N. CAMMACK, III**
STATE BAR NO. 24073762
**ALAN BRAUN**
STATE BAR NO. 24054488

**ATTORNEYS FOR PLAINTIFF CHRISTOPHER CAMPBELL**